**LEVIN LAW, P.A.**
Brian Levin (*admitted by PHV*)
brian@levinlawpa.com
Brandon T. Grzandziel (*pro hac vice* to be filed)
brandon@levinlawpa.com
2665 South Bayshore Drive, PH2B
Miami, Florida 33133
Telephone 305-539-0593

Jacob Polin (SBN 311203)
jacob@levinlawpa.com
344 20th Street
Oakland, CA 94612
Telephone: (305) 402-9050

*Counsel for Plaintiff Brewer*

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Yana Hart (SBN 306499)
yhart@clarksonlawfirm.com
Bryan P. Thompson (SBN 354683)
bthompson@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Counsel for Plaintiff Theus*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN BREWER, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>OTTER.AI, INC.<br><br>            Defendant. | Case No. 5:25-cv-06911-EKL<br><br>Assigned for All Purposes to:<br>Courtroom 7 - 4th Floor; Hon. Judge Eumi K. Lee<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)**<br><br>Complaint Filed: September 15, 2025 |

| | |
|---|---|
| JASPER PIERSON WALKER and MICHAEL WALKER, on behalf of themselves and all other similarly situated individuals,<br><br>     Plaintiffs,<br><br>vs.<br><br>OTTER.AI, INC.,<br><br>     Defendant. | Case No. 5:25-cv-07187-PCP<br><br>Assigned for All Purposes to:<br>Courtroom 8 - 4th Floor; Hon. P. Casey Pitts<br><br>Complaint Filed: August 26, 2025 |
| CHAKA THEUS, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>OTTER.AI, INC.<br><br>     Defendant. | Case No. 5:25-cv-07462-EKL<br><br>Assigned for All Purposes to:<br>Courtroom 7 - 4th Floor; Hon. Eumi K. Lee<br><br>Complaint Filed: September 3, 2025 |
| NADINE WINSTON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>OTTER.AI, INC.<br><br>     Defendant. | Case No. 5:25-cv-07712-VDK<br><br>Assigned for All Purposes to:<br>Courtroom 2 - 5th Floor; Hon. Judge Magistrate Judge Virginia K. DeMarchi<br><br>Complaint Filed: September 10, 2025 |

2

PLAINTIFFS' STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

**TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs Justin Brewer, Jasper Pierson Walker, Michael Walker, Chaka Theus, and Nadine Winston, (collectively, "Plaintiffs") by and through their attorneys, hereby stipulate as follows:

WHEREAS, on August 15, 2025, Plaintiff Brewer filed his action in this district, titled *Justin Brewer v. Otter.AI, Inc.*, Case No. 5:25-cv-06911-EKL (the "*Brewer* action").

WHEREAS, on August 26, 2025, Plaintiffs Jasper and Michael Walker filed their action in this district, titled *Jasper Pierson Walker et al. v. Otter.AI, Inc.*, Case No. 5:25-cv-07187-NC (the "*Walker* action").

WHEREAS, on September 3, 2025, Plaintiff Theus filed her action in this district, titled *Chaka Theus v. Otter.AI, Inc.*, Case No. 5:25-cv-07462 (the "*Theus* action").

WHEREAS, on September 10, 2025, Plaintiff Winston filed her action in this district, titled *Nadine Winston v. Otter.AI, Inc.*, Case No. 5:25-cv-07712-VKD (the "*Winston* action").

WHEREAS, on September 5, 2025, and September 22, 2025, Plaintiffs *Theus* and *Brewer* filed their respective administrative motions to relate the instant cases filed in this District Pursuant to Civil Local Rules 3-12(b) and 7-11.

WHEREAS, Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). A district court has "broad discretion . . . to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for C.D. Cal.*, 877 F.2d 777 (9th Cir. 1989). Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See* Manual for Complex Litigation, Fourth, § 11.631 (2004). "In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Stross v. Google, LLC*, No. 22-cv-04426, 2023 WL 3292854, at *1 (C.D. Cal. May 4, 2023).

WHEREAS, Plaintiffs respectfully request that the Court consolidate the *Brewer*, *Walker*, *Theus*, and *Winston* actions pursuant to Rule 42(a), with the first-filed action, and recaptioned as *In re Otter.AI Privacy Litigation*. All four cases involve substantially similar allegations and claims, involve the same Defendant, have similar questions of fact and law, and are otherwise related actions. Additionally, consolidation will be more efficient than individual proceedings and save time and resources for all parties as well as the court.

WHEREAS, Plaintiffs further agree and stipulate, subject to the Court's approval, that Brian Levin of Levin Law, P.A., Yana Hart of Clarkson Law Firm, P.C. and Douglas Werman of Werman Salas, P.C. be appointed as Interim Co-Lead Counsel and that Matthew R. Wilson of Meyer Wilson Werning Co., LPA and David S. Almeida of Almeida Law Group, LLC be appointed to Plaintiffs' Executive Committee, pursuant Fed. R. Civ. P. 23(g)(3).

WHEREAS, Defendant does not oppose consolidation, and takes no position on Plaintiffs' leadership structure.

WHEREAS, subject to Court approval, the appointment of interim class counsel is recommended early in the litigation, prior to class certification, to protect the interests of the putative class. *See* Fed. R. Civ. P. 23(g); Annotated Manual for Complex Litigation (4th ed. 2006); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification). Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."

WHEREAS, Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed R. Civ. P. 23(g)(1).

WHEREAS, a class is fairly and adequately represented where counsel is qualified, experienced and generally capable of conducting class action litigation. *See Wang v. OCZ Tech.*

*Grp., Inc.*, 2011 U.S. Dist. LEXIS 69803, at *4 (N.D. Cal. June 29, 2011) (A court should "designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class.") (citing Fed. R. Civ. P. 23). Each of these considerations, as outlined below, supports the appointment of Brian Levin, Yana Hart, and Douglas Werman as Interim Co-Lead Counsel, and Matthew R. Wilson and David S. Almeida to the Plaintiffs' Executive Committee.

WHEREAS, while no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Fed. R. Civ. P. 23 Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor. MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007).

WHEREAS, Mr. Levin, Ms. Hart, and Mr. Werman are uniquely qualified to lead this litigation. Already, they have performed substantial work to identify and investigate the claims in this case. They are also leaders in the field of data privacy litigation and bring substantial experience, as well as the full weight of their firms to this litigation. They should be appointed Interim Co-Lead Counsel for the following reasons:

- Proposed Interim Co-Lead Counsel have diligently investigated and prosecuted this case to date, devoted substantial time investigating the background facts, drafted detailed complaints, coordinated and privately ordered amongst themselves for the benefit of the Class, and sought consolidation of the Related Cases.

- Proposed Interim Co-Lead Counsel collectively have the experience to effectively lead this litigation on behalf of the putative Class. Mr. Levin, Ms. Hart and Mr. Werman and their firms have been appointed to leadership positions in some of the largest consumer privacy cases, and their qualifications and experience are set forth below and in their concurrently filed Declarations.

- Proposed Interim Co-Lead Counsel and their firms possess extensive knowledge of the applicable law. They and their law firms have effectively litigated similar cases, conducted significant discovery in those matters, and briefed essentially every aspect of privacy class action cases. Their experience will allow the Plaintiffs to manage and

- effectively litigate issues that are pivotal to the success of this case with great efficiency, including standing, technical issues related to the alleged privacy violations, determining a method for class member identification, and damages evaluation.

- Proposed Interim Co-Lead Counsel will effectively manage the litigation. They have led numerous complex cases and believe that an efficient, well-defined team structure will produce optimal results. They have therefore agreed to work together and resolve questions of leadership structure cooperatively rather than file competing applications. They did so with the goal of maximizing litigation efficiency on behalf of Plaintiffs and the putative class.

WHEREAS, as Interim Co-Lead Counsel, Mr. Levin, Ms. Hart, and Mr. Werman will continue to commit the same resources and effort to this case as they have committed to their other, successful consumer class action litigations. Proposed Interim Co-Lead Counsel and the Proposed members of Plaintiffs' Executive Committee have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the efficient prosecution and management of this litigation while avoiding unnecessary and duplicative billing. If appointed, Proposed Interim Co-Lead Counsel will establish a protocol for regular time and expense reporting to monitor and manage the efficient prosecution of this action. The following table summarizes the differences between the respective roles between Co-Lead Counsel and Plaintiffs' Executive Committee:

6

PLAINTIFFS' STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

| **Interim Co-Lead Counsel:** | **Plaintiffs' Executive Committee:** |
|---|---|
| <ul><li>Developing and directing overall litigation strategy.</li><li>Organizing and supervising the efforts of the Plaintiffs' Executive Committee in a manner to ensure that the necessary pretrial preparation is conducted effectively, efficiently, expeditiously, and economically.</li><li>Determining and presenting in briefs or oral argument to the Court and opposing parties the position of the Plaintiffs on all matters arising during the proceedings.</li><li>Entering into stipulations with opposing counsel as necessary for the conduct of the litigation.</li><li>Selecting, consulting with, and employing experts, as necessary, for Plaintiffs.</li><li>Initiating and conducting discovery on Plaintiffs' behalf, and coordinating to increase the efficiency of the discovery process.</li><li>Serving as the unified voice for Plaintiffs in court proceedings, settlement negotiations, and communications with Defense Counsel.</li></ul> | <ul><li>Collaborating with the Interim Co-Lead Counsel to develop litigation strategies, as decisions necessary.</li><li>Collaborating with Interim Co-Lead Counsel to initiate and conduct discovery, as necessary.</li><li>Collaborating with Interim Co-Lead Counsel in selecting, consulting, and employing experts and consultants, as necessary.</li><li>Implementing Interim Co-Lead Counsel's directives.</li><li>Ensuring the progress of delegated tasks in compliance with deadlines and goals as directed by Interim Co-Lead Counsel.</li></ul> |

7

PLAINTIFFS' STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

ACCORDINGLY, the undersigned Parties stipulate, and request that the Court order, as follows:

1. That the *Brewer, Walker, Theus,* and *Winston* actions be consolidated for all purposes and that consolidation also applies to any other cases that are subsequently filed in, removed to, or transferred to this Court involving the same or substantially similar issues of law and fact as the consolidated action recaptions *In re Otter.AI Privacy Litigation*;

2. That Brian Levin of Levin Law, P.A., Yana Hart of Clarkson Law Firm, P.C. and Douglas Werman of Werman Salas, P.C. be appointed as Interim Co-Lead Counsel and that Matthew R. Wilson of Meyer Wilson Werning Co., LPA and David S. Almeida of Almeida Law Group, LLC be appointed to Plaintiffs' Executive Committee; and,

3. That the Court set a deadline of forty-five (45) days from the consolidation of the cases and appointment of Interim Co-Lead Counsel for Plaintiffs to file their Consolidated Class Action Complaint, Defendant is granted forty-five (45) days to file its responsive pleading, and Plaintiffs are granted forty-five (45) days to file a response to Defendant's responsive pleading.

**IT IS SO STIPULATED.**

Dated: September 25, 2025

**LEVIN LAW, P.A.**

By: */s/Brian Levin*
Brian Levin (*admitted by PHV*)
brian@levinlawpa.com
Brandon T. Grzandziel (*pro hac vice* to be filed)
brandon@levinlawpa.com
2665 South Bayshore Drive, PH2B
Miami, Florida 33133
Telephone 305-539-0593

Jacob Polin (SBN 311203)
jacob@levinlawpa.com
344 20th Street
Oakland, CA 94612
Telephone: (305) 402-9050

**CLARKSON LAW FIRM, P.C.**

By: /s/ *Yana Hart*
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Bryan P. Thompson (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**WERMAN SALAS P.C.**

By: *Douglas M. Werman*
Anne R. Kramer
*akramer@flsalaw.com*
Douglas M. Werman (*pro hac vice* to be filed)
*dwerman@flsalaw.com*
John J. Frawley (*pro hac vice* to be filed)
*jfrawley@flsalaw.com*
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

**MEYER WILSON WERNING CO., LPA**

By: *Matthew R. Wilson*
Matthew R. Wilson (SBN 290473)
*mwilson@meyerwilson.com*
Jared W. Connors (*admitted by PHV*)
*jconnors@meyerwilson.com*
Ryne E. Tipton (*admitted by PHV*)
*rtipton@meyerwilson.com*
305 W. Nationwide Blvd.
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

9

PLAINTIFFS' STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

**ALMEIDA LAW GROUP LLC**

By: *David S. Almeida*
David S. Almeida *(admitted by PHV)*
david@almeidalawgroup.com
849 W. Webster Avenue
Chicago, Illinois 60614
Tel.: (708) 437-6476

## ATTESTATION OF FILER

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 25, 2025                             **MEYER WILSON WERNING CO., LPA**

                                                      By: /s/ *Matthew R. Wilson*
                                                          Matthew R. Wilson

# [PROPOSED] ORDER

Having considered Plaintiffs' Stipulation to Consolidate Cases and Appoint Interim Co-Lead Counsel Pursuant to Fed. R. Civ. P. 23(g), and being fully advised in the matter, the Court hereby GRANTS the Stipulated Request.

The Court finds that Brian Levin of Levin Law, P.A., Yana Hart of Clarkson Law Firm, P.C., and Douglas Werman of Werman Salas, P.C. meet the requirements set forth by Fed. R. Civ. P. 23(g) and appoint them as Interim Co-Lead Counsel for Plaintiffs pursuant Fed. R. Civ. P. 23(g)(3). The Court additionally appoints Matthew R. Wilson of Meyer Wilson Werning Co., LPA, and David Almeida of Almeida Law Group, LLC as members of the Plaintiffs' Executive Committee.

The Interim Co-Lead Counsel's and Plaintiffs' Executive Committee's respective duties are summarized as follows:

| Interim Co-Lead Counsel: | Plaintiffs' Executive Committee: |
|---|---|
| - Developing and directing overall litigation strategy.<br>- Organizing and supervising the efforts of the Plaintiffs' Executive Committee in a manner to ensure that the necessary pretrial preparation is conducted effectively, efficiently, expeditiously, and economically.<br>- Determining and presenting in briefs or oral argument to the Court and opposing parties the position of the Plaintiffs on all matters arising during the proceedings.<br>- Entering into stipulations with opposing counsel as necessary for the conduct of the litigation.<br>- Selecting, consulting with, and employing experts, as necessary, for Plaintiffs.<br>- Initiating and conducting discovery on Plaintiffs' behalf, and coordinating to increase the efficiency of the discovery process.<br>- Serving as the unified voice for Plaintiffs in court proceedings, settlement negotiations, and communications with Defense Counsel. | - Collaborating with the Interim Co-Lead Counsel to develop litigation strategies, as decisions necessary.<br>- Collaborating with Interim Co-Lead Counsel to initiate and conduct discovery, as necessary.<br>- Collaborating with Interim Co-Lead Counsel in selecting, consulting, and employing experts and consultants, as necessary.<br>- Implementing Interim Co-Lead Counsel's directives.<br>- Ensuring the progress of delegated tasks in compliance with deadlines and goals as directed by Interim Co-Lead Counsel. |

This order of consolidation also applies to any other cases that are subsequently filed in, removed to, or transferred to this Court involving the same or substantially similar issues of law and fact as the consolidated action captioned *In re Otter.AI Privacy Litigation.*

Interim Co-Lead Counsel shall, within 10 days of becoming aware of such action, serve a copy of this Order on all parties in all subsequently filed actions that are removed to, or transferred to this Court involving the same or substantially similar issues of law and fact ("Subsequent Related Action"), and file a notice of service of this Order on the docket in the consolidated action. Any party may raise an objection to consolidation under this Order within 10 days after the filing of such notice. Absent objection such Subsequent Related Action shall be consolidated under *In re Otter.AI Privacy Litigation.*

Plaintiffs have forty-five (45) days from the entry of this Order to file their Consolidated Class Action Complaint, Defendant is granted forty-five (45) days to file its responsive pleading, and Plaintiffs are granted forty-five (45) days to file a response to Defendant's responsive pleading.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**,

Dated: October 22, 2025

The Honorable Eumi K. Lee
United States