**LEVIN LAW, P.A.**
Brian Levin (*admitted by PHV*)
*brian@levinlawpa.com*
Brandon T. Grzandziel (*pro hac vice* to be filed)
*brandon@levinlawpa.com*
2665 South Bayshore Drive, PH2B
Miami, Florida 33133
Telephone 305-539-0593

Jacob Polin (SBN 311203)
*jacob@levinlawpa.com*
344 20th Street
Oakland, CA 94612
Telephone: (305) 402-9050

*Counsel for Plaintiff Brewer*

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Bryan P. Thompson (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Counsel for Plaintiff Theus*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Otter.AI Privacy Litigation | Case No.  5:25-cv-06911-EKL |
| | Assigned for All Purposes to: Courtroom 7 - 4th Floor; Hon. Judge Eumi K. Lee |
| | **CLASS ACTION** |
| | **STIPULATION TO ADOPT PLAINTIFFS' [PROPOSED] TIME AND EXPENSE REPORTING PROTOCOL** |
| | Complaint Filed: September 15, 2025 |

**TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to the Court's Order of October 22, 2025 (ECF 33), Interim Co-Lead Counsel seek to be in a position to submit a well-documented, supportable fee application if and when appropriate in this litigation. To that end, and pursuant to the Court's mandates, we hereby stipulate and require that all counsel who anticipate working on and seeking fees in this case abide by the following protocol:

## I.    Standards for Time and Expense Records

### A.    General Standards

Per the Court's Order, Interim Co-Lead Counsel may delegate the work of prosecuting the consolidated complaint among participating plaintiffs' counsel in a manner consistent with the fair and efficient administration of justice. Interim Co-Lead Counsel shall distribute this timekeeping protocol to all plaintiffs' counsel who shall submit all time and expense entries to Interim Co-Lead Counsel accordingly. After the date of the Court's Order, only time and expenses expressly authorized in advance by Interim Co-Lead Counsel will be considered as potentially compensable. Pre-appointment time and expenses may be compensable as set forth herein and subject to later Court approval. As Interim Co-Lead Counsel, Mr. Levin, Ms. Hart, and Mr. Werman will be held accountable for the overall conduct of the litigation.

### B.    General Time Reporting Requirements

#### 1.    Recording Requirements.

All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Counsel, Senior Associate, Associate, Staff Attorney, Investigator, Law Clerk, Paralegal, Legal Assistant). If you have a staff member who you anticipate working on this matter who does not fit one of these titles, please let Interim Co-

Clarkson Law Firm, P.C.    |    22525 Pacific Coast Highway, Malibu, CA 90265    |    P: (213) 788-4050   F: (213) 788-4070    |    clarksonlawfirm.com

Lead Counsel know. All attorneys and staff working on this case should maintain their time records in an electronic database.

### 2.    Hourly Rates

All time shall be maintained in tenth-of-an-hour increments. Time records must report the billing rates for each individual listed. Current hourly rates are to be used in calculating time. Billing rates may be adjusted at the conclusion of this matter dependent on uniform or local rates given relative years of experience to ensure the rate change reflects the value added. Any initial document review attorneys who are contracted or otherwise not full-time employees of the firm are capped at $350 per hour. Attorneys who are firm employees or conducting second-tier quality control, review, and analysis after the initial round of document review are entitled to charge at their usual hourly rate.

### 3.    Time Entry Narratives

Full descriptions of all work performed are required. Section C, below, contains a full list of categories to be used when logging time entries. Time entry narratives that are not sufficiently detailed will not be considered for payment. Failure to maintain detailed time and expense records or to provide a sufficient description of the activities performed will be grounds for denying the recovery of attorney's fees or expenses in whole or in part. Vague task descriptions, such as "performed legal research" or "reviewed documents" are not sufficient. Furthermore, time narratives should use commonly understood English, not abbreviations or language conventions only relevant to a specific firm. Communications with counsel, parties, and witnesses should identify them specifically with a first initial and last name.

For all work performed after the appointment of Interim Co-Lead Counsel on October 22, 2025, each attorney who submits billing must indicate in each billing entry which Interim Co-Lead Counsel specifically assigned the task. Note, however, reference to other attorneys, experts, or clients within a time entry description may be made using first initial and last name only.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Additionally: Interim Co-Lead counsel—i.e., Mr. Levin, Ms. Hart, and Mr. Werman—need not include an "assigned by" designation in their own billing entries.

This protocol prohibits "block billing" in which one description of a time entry includes more than one unrelated task with only an aggregate number of the total time spent per day on that task. Rather, "Time must instead be recorded by task. For example, an attorney may not record '7.8 hours' for 'work on motion to dismiss opposition.' Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., 'review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re Z argument (3.3.); draft X section of opposition brief (2.4).'" If it is unclear whether something may be considered block billed, err on the side of separating and delineating the time associated with each task performed in a given day. Additionally, if your work on this case in a given day falls within two separate task codes identified below, you should separate the entries by task code.

All time entries should be in chronological order rather than organized by individual timekeeper.

### 4.    Compensable Work

Interim Co-Lead Counsel will review and approve timekeeping and bills each month and strike any duplicative or unreasonable fees or costs. The ultimate determination of what is compensable work and the extent or rate at which it is compensable is within the purview of the Court. Compensable work does not include:

- Excessive time spent for a particular task;

- Work performed by a person more senior than necessary for the task (such work that may be approved at a reduced hourly rate);

- "Read and review" time, unless specifically related to a billable task (for example: "read and reviewed Article III standing section of motion to dismiss to inform section

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

of draft opposition to motion to dismiss dealing with Article III standing" would qualify as compensable);

- Time for which descriptions are missing or incomplete; and

- Duplicative work.

Time and expenses incurred prior to consolidation and the appointment of Interim Co-Lead Counsel will be considered for compensation only to the extent they materially contribute to the advancement of the litigation as a whole. However, all submissions of pre-consolidation time should be submitted in line with the directives herein. Note: although this protocol requires contemporaneous timekeeping, attorneys may adjust their pre-consolidation and pre-protocol billing entries to comply with the directives in this protocol.

### C.    Approved Time Entry Categories

Each time entry must be categorized as described below pursuant to the applicable task code and entered on the spreadsheet on a monthly basis submitted herewith. In general, when possible, a more specific category should always be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission.

#### 1.    Client/Class Member Communications – A106

This includes status reports to clients, answering their questions, communications concerning preparation for document discovery and deposition, and work related to providing class notices. Be specific about which clients and class members you are responding to.

#### 2.    Adverse Party Communications – A107

This includes communications with opposing counsel concerning joint statements, proposed stipulations for administrative motions, meet and confers conducted to resolve discovery disputes, and any coordination required to manage the litigation. Time narratives under this category should describe the purpose of the communication, such as whether the meet and confer was conducted to resolve a discovery dispute, and who it was with.

### 3. Fact Investigation (Non-Expert) – L110

This includes such matters as interviewing clients and witnesses, developing facts from internet research, consulting with industry participants, and preparing memos relating to the same. Time narratives should specify the purpose of the fact investigation. For example, fact investigation for the purpose of a complaint allegation, motion or deposition should state that in the narrative.

### 4. Strategy/Analysis – L120

This includes meetings and correspondence among Interim Co-Lead Counsel, plaintiffs' counsel, and their internal staff in order to coordinate efforts and discuss status and strategy. This includes the preparation of legal memoranda shared among counsel for purposes of litigation strategy.

### 5. Experts/Consultants – L130

This category includes identifying and working with experts, reviewing their reports, and preparing them to give testimony.

### 6. Settlement/Non-binding ADR – L160

This includes all activities directed specifically to settlement, and encompasses planning for participating in settlement discussions, conferences, hearings, and implementing a settlement. This category covers mediation and other non-binding alternative dispute resolution procedures.

### 7. Case Administration – L190

This includes tasks such as scheduling, managing personnel, and preparation of billing and expense records.

### 8. Pleadings and Related Motions – L210

This includes the preparation of the complaint, answer, or other response to a claim or counterclaim, such as a motion to dismiss. A motion for provisional remedies such as an injunction falls within this category, as they relate to claims or counterclaims. Typical narratives under this

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

category will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument.

### 9.  Court Mandated Conferences – L230

This includes appearances at status conferences, pre-trial conferences, or other appearances necessary to satisfy procedural rules.

### 10. Dispositive Motions – L240

This includes motions for summary judgment, and any other motion that conclusively eliminates or resolves a claim. (Motions to Dismiss fall under the "Pleadings and Related Motions" category). Typical narratives under this category should specify the name or will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument.

### 11. Other Written Motions – L250

This includes the preparation of motions which do not concern pleadings, discovery, or dispositive motions. These motions include but are not limited to, motions to stay, motions to appear, motions to extend time, or other administrative motions. Narratives should specify the name or type of motion prepared.

### 12. Class Certification – L260

This includes all work related to certifying a class, including motion preparation.

### 13. Written Discovery – L310

This category includes the preparation of written discovery requests to serve on a party, and the responses and objections to another party's written discovery requests. Other discovery matters such as document review or the preparation of discovery-related motions should not be billed under this category.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

### 14. Document Production (to Other Parties) –Tier I – L320

This includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing privilege lists. The work done under Tier I should be performed by more junior attorneys.

### 15. Document Production (to Other Parties) –Tier II – L320

This includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing privilege lists. This work is usually done by more senior attorneys who typically review specific categories of documents flagged by the first reviewer.

### 16. Document Review (from Other Parties) –Tier I – L320

This includes document review by more junior attorneys through an established review platform. This category usually involves making the initial cut of documents.

### 17. Document Review (from Other Parties) – Tier II – L320

This includes quality control and review of the Tier 1 document reviewers' work to determine the quality and efficiency of their work as well as to make further review of hot documents. This work is usually done by more senior attorneys who are using documents for a specific use in the case, such as motions or expert witness work.

### 18. Depositions – L330

This includes development of depositions outlines, gathering and review of exhibits, appearances at depositions, taking or defending the deposition, or helping support the first chair.

### 19. Discovery Motions – L350

This includes work on motions related to discovery. Typical narratives under this category will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument.

**20. Pre-Trial Motions and Submissions – L430**

This includes responding and arguing written motions during preparation for trial and trial, such as motions *in limine*, and motions to strike proposed evidence. This category also covers other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

**21. Trial Preparation – L440**

This includes substantive matters that are not necessarily submitted in writing, including preparation of opening and closing arguments, direct and cross examination questions, fact and expert witnesses for testimony, trial exhibits, presentations, and other tasks necessary to prepare the case for trial.

**22. Trial Attendance – L450**

This includes all aspects of appearing and presenting at trial.

**23. Post-Trial Motions and Submissions – L460**

This includes developing, responding, and arguing all post-verdict matters in the trial court, such as motions for a new trial, or stay pending appeal, bill of costs, and request for attorney's fees.

**24. Appeal – L510**

This includes any type of appeal that may come up in the context of the case and would primarily involve appellate brief writers and those making oral argument.

**D.    Expense Reporting**

Interim Co-Lead Counsel will establish a litigation fund, the size of which they shall determine by unanimous agreement. They shall make initial contributions to that fund and obtain contributions from all participating counsel as necessary. Counsel may seek reimbursement of these costs and expenses following any judgment or settlement.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

### 1.    Shared Expenses

"Shared Expenses" are costs and expenses that will be paid out of a litigation fund administered by Interim Co-Lead Counsel ("Litigation Fund"). Participating counsel may also contribute to such a fund at times and in amounts sufficient to cover plaintiffs' expenses for the prosecution of this consolidated action. The timing and amount of each assessment will be determined by Interim Co-Lead Counsel. Each assessment will be paid within 30 days as instructed by Interim Co-Lead Counsel. Failure to pay assessments may be grounds for removal from the appointments made in previous Court Orders. Shared Expenses are incurred for the common interest of the Plaintiff groups in this consolidated action. All Shared Expenses must be approved by Interim Co-Lead Counsel prior to payment. To be eligible for potential reimbursement, expenses must be:

- expressly authorized by Interim Co-Lead Counsel;

- timely submitted;

- reasonable in amount; and

- supported by adequate documentation including receipts and invoices.

All costs and expenses that meet the requirements of a Shared Expense and fall under the following categories shall qualify for submission and payment directly from the litigation fund, as well as for reimbursement from any settlements or satisfaction of judgment as appropriate:

- court filing, service, court reporter, and transcript costs;

- costs for the electronic storage, retrieval, and searches of ESI;

- bank or financial institution charges relating to a litigation and/or settlement fund;

- expert witness, investigator, and consultant fees and related expenses; and

- data and materials provided by outside third-party vendors, translators, and attorneys.

To the extent that a settlement fund and/or satisfaction of judgment fund is created for plaintiffs, the above-described Shared Expenses may be reimbursed from said funds after approval by the Court.

### 2.    Non-Shared Expenses ("Held Costs")

Interim Co-Lead Counsel and participating counsel may incur "Held Costs," which are expenses that are not Shared Expenses as defined above. Held Costs include, but are not limited to:

- legal research (e.g., Lexis, Westlaw, or PACER charges);

- printing, copying, coding, and scanning;

- telephone, postage, and courier charges;

- necessary travel and meal expenses, including for depositions.

Participating counsel may submit Held Costs on a monthly basis to Interim Co-Lead Counsel for potential reimbursement at the end of the case. The inclusion of such expenses shall be at the discretion of Interim Co-Lead Counsel, subject to Court approval.

### 3.    Expense Guidelines

Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit cards statements are an appropriate form of verification. Hotel and restaurant costs must be supported by credit card statements, hotel invoices, or restaurant bills. The description of unclaimed expenses on the statement may be redacted. Receipts should also be submitted on a monthly basis, with original copies maintained by the attorneys seeking reimbursement. We understand certain expenses may not administratively be billed concurrent with a given month's time records submission, but should be submitted on the next billing cycle after they are incurred.

Except as approved by Co-Lead Counsel, attendance at seminars (e.g., American Association for Justice Section Meetings, Mass Torts Made Perfect, Harris Martin, and similar seminars and Continuing Legal Education programs) is not considered common benefit work, and fees and expenses related to those activities are not compensable.

Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved in advance by Interim Co-Lead Counsel, and pursuant to the Court's Order, all reimbursements are subject to the following limitations:

Transportation: Reasonable and appropriate airfare and ground transportation will be reimbursed and is subject to audit and review. Airfare or ground transportation deemed to be excessive or which is not related to an assigned task or judicial requirement will not be reimbursed. Air travel of less than six hours should be in coach or "economy" class. Travel exceeding six hours of flight time may be booked in business or first class. In all cases, flights should be booked at the lowest available refundable and convenient fare. To the extent that personal vehicles are used, mileage claims should be documented by stating origination point, destination, total actual miles, and the rate per mile paid by the IRS.

Hotel: Reasonable and appropriate hotel accommodations and charges will be reimbursed. Hotel accommodations deemed to be excessive or which are not related to an assigned task will not be reimbursed.

Meals: Meal expenses must be reasonable and appropriate. Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

Cash Expenses: Miscellaneous cash expenses for which receipts are generally not available (*e.g.*, tips, luggage handling, etc.) will be reimbursed, so long as the expenses are reasonable and properly itemized.

## II.    Protocols for Submission of Time and Expenses

### A.    Submitting Time and Expense Reports

All participating counsel shall submit time and expense reports in compliance with this protocol. The first submission will include all time entries from the inception of the case through the Court's Order appointing lead counsel and/or approving this timekeeping protocol, and will be

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

due within 21 days of the Court's Order. Thereafter, such reports shall be due no later than the 20th day of the month following the end of the month being reported.

Within 30 days after each month's end, Interim Co-Lead Counsel will review the submissions from participating firms (and their own firms) to ensure that a total bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by Interim Co-Lead Counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. Interim Co-Lead Counsel will contact participating firms with any questions or requests for additional information on their billing submissions as needed to finalize the bill. These final bills for each month will be segregated and kept by lead counsel, and may later be used in connection with a motion for attorneys' fees and costs. However, Interim Co-Lead Counsel does not waive any ability to write-down or write-off time or expenses later in the case, and not having the time or expenses written-down or written-off by the 30-day date does not guarantee the time will be accepted as-is or otherwise is recoverable. All exchanged reports shall be treated as attorney work product and shared only among the designated litigation leadership. However, the bills may also be made available to the Court for *in camera* review upon request. Interim Co-Lead Counsel may delegate administrative tasks associated with collecting and organizing time and expense reports from firms, but the ultimate review of the billing records and any write-downs and write-offs shall be made by Interim Co-Lead Counsel only.

Each participating firm shall submit a report on a monthly basis to:

- Clarkson Law Firm, P.C. at *teamyana@clarksonlawfirm.com*;
- Levin Law, P.A. at *brian@levinlawpa.com*; and,
- Werman Salas P.C. at *dwerman@flsalaw.com*.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  |  F: (213) 788-4070  |  clarksonlawfirm.com

**B.**    **Content of Time and Expense Reports**

Time and expense submissions should be transmitted in Microsoft Excel spreadsheet format using the prescribed form, attached as **Exhibit A**.

Dated: November 17, 2025

| **LEVIN LAW, P.A.** | **WERMAN SALAS P.C** |
|---|---|
| */s/ Brian Levin* | */s/ Douglas M. Werman* |
| Brian Levin (*admitted by PHV*) | Douglas M. Werman (*admitted by PHV*) |
| *brian@levinlawpa.com* | *dwerman@flsalaw.com* |
| Brandon T. Grzandziel (*pro hac vice* to be filed) | John J. Frawley (*admitted by PHV*) |
| *brandon@levinlawpa.com* | *jfrawley@flsalaw.com* |
| 2665 South Bayshore Drive, PH2B | Anne R. Kramer |
| Miami, Florida 33133 | *akramer@flsalaw.com* |
| Tel: (305) 539-0593 | 77 W. Washington St., Suite 1402 |
|  | Chicago, Illinois 60602 |
|  | Tel: (312) 419-1008 |
| **CLARKSON LAW FIRM, P.C.** | |
| */s/ Yana Hart* | |
| Ryan J. Clarkson (SBN 257074) | |
| *rclarkson@clarksonlawfirm.com* | |
| Yana Hart (SBN 306499) | |
| *yhart@clarksonlawfirm.com* | |
| Bryan P. Thompson (SBN 354683) | |
| *bthompson@clarksonlawfirm.com* | |
| 22525 Pacific Coast Highway | |
| Malibu, CA 90265 | |
| Tel: (213) 788-4050 | |

## <u>ATTESTATION OF FILER</u>

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 17, 2025                    **CLARKSON LAW FIRM**

By: */s/ Yana Hart*_____

STIPULATION TO ADOPT PLAINTIFFS' [PROPOSED] TIME AND EXPENSE REPORTING PROTOCOL

# [PROPOSED] ORDER

Having considered Plaintiffs' Stipulation, the Court hereby Adopts the following guidelines laid out in Plaintiffs' Time and Expense Reporting Protocol.

## I.      Standards for Time and Expense Records

### A.      General Standards

Per the Court's Order, Interim Co-Lead Counsel may delegate the work of prosecuting the consolidated complaint among participating plaintiffs' counsel in a manner consistent with the fair and efficient administration of justice. Interim Co-Lead Counsel shall distribute this timekeeping protocol to all plaintiffs' counsel who shall submit all time and expense entries to Interim Co-Lead Counsel accordingly. After the date of the Court's Order, only time and expenses expressly authorized in advance by Interim Co-Lead Counsel will be considered as potentially compensable. Pre-appointment time and expenses may be compensable as set forth herein and subject to later Court approval. As Interim Co-Lead Counsel, Mr. Levin, Ms. Hart, and Mr. Werman will be held accountable for the overall conduct of the litigation.

### B.      General Time Reporting Requirements

#### 1.      Recording Requirements.

All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Counsel, Senior Associate, Associate, Staff Attorney, Investigator, Law Clerk, Paralegal, Legal Assistant). If you have a staff member who you anticipate working on this matter who does not fit one of these titles, please let Interim Co-Lead Counsel know. All attorneys and staff working on this case should maintain their time records in an electronic database.

### 2.    Hourly Rates

All time shall be maintained in tenth-of-an-hour increments. Time records must report the billing rates for each individual listed. Current hourly rates are to be used in calculating time. Billing rates may be adjusted at the conclusion of this matter dependent on uniform or local rates given relative years of experience to ensure the rate change reflects the value added. Any initial document review attorneys who are contracted or otherwise not full-time employees of the firm are capped at $350 per hour. Attorneys who are firm employees or conducting second-tier quality control, review, and analysis after the initial round of document review are entitled to charge at their usual hourly rate.

### 3.    Time Entry Narratives

Full descriptions of all work performed are required. Section C, below, contains a full list of categories to be used when logging time entries. Time entry narratives that are not sufficiently detailed will not be considered for payment. Failure to maintain detailed time and expense records or to provide a sufficient description of the activities performed will be grounds for denying the recovery of attorney's fees or expenses in whole or in part. Vague task descriptions, such as "performed legal research" or "reviewed documents" are not sufficient. Furthermore, time narratives should use commonly understood English, not abbreviations or language conventions only relevant to a specific firm. Communications with counsel, parties, and witnesses should identify them specifically with a first initial and last name.

For all work performed after the appointment of Interim Co-Lead Counsel on October 22, 2025, each attorney who submits billing must indicate in each billing entry which Interim Co-Lead Counsel specifically assigned the task. Note, however, reference to other attorneys, experts, or clients within a time entry description may be made using first initial and last name only. Additionally: Interim Co-Lead counsel—i.e., Mr. Levin, Ms. Hart, and Mr. Werman—need not include an "assigned by" designation in their own billing entries.

STIPULATION TO ADOPT PLAINTIFFS' [PROPOSED] TIME AND EXPENSE REPORTING PROTOCOL

This protocol prohibits "block billing" in which one description of a time entry includes more than one unrelated task with only an aggregate number of the total time spent per day on that task. Rather, "Time must instead be recorded by task. For example, an attorney may not record '7.8 hours' for 'work on motion to dismiss opposition.' Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., 'review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re Z argument (3.3.); draft X section of opposition brief (2.4).'" If it is unclear whether something may be considered block billed, err on the side of separating and delineating the time associated with each task performed in a given day. Additionally, if your work on this case in a given day falls within two separate task codes identified below, you should separate the entries by task code.

All time entries should be in chronological order rather than organized by individual timekeeper.

### 4.    Compensable Work

Interim Co-Lead Counsel will review and approve timekeeping and bills each month and strike any duplicative or unreasonable fees or costs. The ultimate determination of what is compensable work and the extent or rate at which it is compensable is within the purview of the Court. Compensable work does not include:

- Excessive time spent for a particular task;

- Work performed by a person more senior than necessary for the task (such work that may be approved at a reduced hourly rate);

- "Read and review" time, unless specifically related to a billable task (for example: "read and reviewed Article III standing section of motion to dismiss to inform section of draft opposition to motion to dismiss dealing with Article III standing" would qualify as compensable);

- Time for which descriptions are missing or incomplete; and

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

- Duplicative work.

Time and expenses incurred prior to consolidation and the appointment of Interim Co-Lead Counsel will be considered for compensation only to the extent they materially contribute to the advancement of the litigation as a whole. However, all submissions of pre-consolidation time should be submitted in line with the directives herein. Note: although this protocol requires contemporaneous timekeeping, attorneys may adjust their pre-consolidation and pre-protocol billing entries to comply with the directives in this protocol.

**C.    Approved Time Entry Categories**

Each time entry must be categorized as described below pursuant to the applicable task code and entered on the spreadsheet on a monthly basis submitted herewith. In general, when possible, a more specific category should always be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission.

**1.   Client/Class Member Communications – A106**

This includes status reports to clients, answering their questions, communications concerning preparation for document discovery and deposition, and work related to providing class notices. Be specific about which clients and class members you are responding to.

**2.   Adverse Party Communications – A107**

This includes communications with opposing counsel concerning joint statements, proposed stipulations for administrative motions, meet and confers conducted to resolve discovery disputes, and any coordination required to manage the litigation. Time narratives under this category should describe the purpose of the communication, such as whether the meet and confer was conducted to resolve a discovery dispute, and who it was with.

**3.   Fact Investigation (Non-Expert) – L110**

This includes such matters as interviewing clients and witnesses, developing facts from internet research, consulting with industry participants, and preparing memos relating to the same.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Time narratives should specify the purpose of the fact investigation. For example, fact investigation for the purpose of a complaint allegation, motion or deposition should state that in the narrative.

### 4. Strategy/Analysis – L120

This includes meetings and correspondence among Interim Co-Lead Counsel, plaintiffs' counsel, and their internal staff in order to coordinate efforts and discuss status and strategy. This includes the preparation of legal memoranda shared among counsel for purposes of litigation strategy.

### 5. Experts/Consultants – L130

This category includes identifying and working with experts, reviewing their reports, and preparing them to give testimony.

### 6. Settlement/Non-binding ADR – L160

This includes all activities directed specifically to settlement, and encompasses planning for participating in settlement discussions, conferences, hearings, and implementing a settlement. This category covers mediation and other non-binding alternative dispute resolution procedures.

### 7. Case Administration – L190

This includes tasks such as scheduling, managing personnel, and preparation of billing and expense records.

### 8. Pleadings and Related Motions – L210

This includes the preparation of the complaint, answer, or other response to a claim or counterclaim, such as a motion to dismiss. A motion for provisional remedies such as an injunction falls within this category, as they relate to claims or counterclaims. Typical narratives under this category will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument.

### 9.  Court Mandated Conferences – L230

This includes appearances at status conferences, pre-trial conferences, or other appearances necessary to satisfy procedural rules.

### 10. Dispositive Motions – L240

This includes motions for summary judgment, and any other motion that conclusively eliminates or resolves a claim. (Motions to Dismiss fall under the "Pleadings and Related Motions" category). Typical narratives under this category should specify the name or will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument.

### 11. Other Written Motions – L250

This includes the preparation of motions which do not concern pleadings, discovery, or dispositive motions. These motions include but are not limited to, motions to stay, motions to appear, motions to extend time, or other administrative motions. Narratives should specify the name or type of motion prepared.

### 12. Class Certification – L260

This includes all work related to certifying a class, including motion preparation.

### 13. Written Discovery – L310

This category includes the preparation of written discovery requests to serve on a party, and the responses and objections to another party's written discovery requests. Other discovery matters such as document review or the preparation of discovery-related motions should not be billed under this category.

### 14. Document Production (to Other Parties) –Tier I – L320

This includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing privilege lists. The work done under Tier I should be performed by more junior attorneys.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

### 15. Document Production (to Other Parties) –Tier II – L320

This includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing privilege lists. This work is usually done by more senior attorneys who typically review specific categories of documents flagged by the first reviewer.

### 16. Document Review (from Other Parties) –Tier I – L320

This includes document review by more junior attorneys through an established review platform. This category usually involves making the initial cut of documents.

### 17. Document Review (from Other Parties) – Tier II – L320

This includes quality control and review of the Tier 1 document reviewers' work to determine the quality and efficiency of their work as well as to make further review of hot documents. This work is usually done by more senior attorneys who are using documents for a specific use in the case, such as motions or expert witness work.

### 18. Depositions – L330

This includes development of depositions outlines, gathering and review of exhibits, appearances at depositions, taking or defending the deposition, or helping support the first chair.

### 19. Discovery Motions – L350

This includes work on motions related to discovery. Typical narratives under this category will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument.

### 20. Pre-Trial Motions and Submissions – L430

This includes responding and arguing written motions during preparation for trial and trial, such as motions *in limine*, and motions to strike proposed evidence. This category also covers other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

### 21. Trial Preparation – L440

This includes substantive matters that are not necessarily submitted in writing, including preparation of opening and closing arguments, direct and cross examination questions, fact and expert witnesses for testimony, trial exhibits, presentations, and other tasks necessary to prepare the case for trial.

### 22. Trial Attendance – L450

This includes all aspects of appearing and presenting at trial.

### 23. Post-Trial Motions and Submissions – L460

This includes developing, responding, and arguing all post-verdict matters in the trial court, such as motions for a new trial, or stay pending appeal, bill of costs, and request for attorney's fees.

### 24. Appeal – L510

This includes any type of appeal that may come up in the context of the case and would primarily involve appellate brief writers and those making oral argument.

### D.    Expense Reporting

Interim Co-Lead Counsel will establish a litigation fund, the size of which they shall determine by unanimous agreement. They shall make initial contributions to that fund and obtain contributions from all participating counsel as necessary. Counsel may seek reimbursement of these costs and expenses following any judgment or settlement.

### 1.    Shared Expenses

"Shared Expenses" are costs and expenses that will be paid out of a litigation fund administered by Interim Co-Lead Counsel ("Litigation Fund"). Participating counsel may also contribute to such a fund at times and in amounts sufficient to cover plaintiffs' expenses for the prosecution of this consolidated action. The timing and amount of each assessment will be determined by Interim Co-Lead Counsel. Each assessment will be paid within 30 days as instructed by Interim Co-Lead Counsel. Failure to pay assessments may be grounds for removal from the

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

appointments made in previous Court Orders. Shared Expenses are incurred for the common interest of the Plaintiff groups in this consolidated action. All Shared Expenses must be approved by Interim Co-Lead Counsel prior to payment. To be eligible for potential reimbursement, expenses must be:

- expressly authorized by Interim Co-Lead Counsel;

- timely submitted;

- reasonable in amount; and

- supported by adequate documentation including receipts and invoices.

All costs and expenses that meet the requirements of a Shared Expense and fall under the following categories shall qualify for submission and payment directly from the litigation fund, as well as for reimbursement from any settlements or satisfaction of judgment as appropriate:

- court filing, service, court reporter, and transcript costs;

- costs for the electronic storage, retrieval, and searches of ESI;

- bank or financial institution charges relating to a litigation and/or settlement fund;

- expert witness, investigator, and consultant fees and related expenses; and

- data and materials provided by outside third-party vendors, translators, and attorneys.

To the extent that a settlement fund and/or satisfaction of judgment fund is created for plaintiffs, the above-described Shared Expenses may be reimbursed from said funds after approval by the Court.

### 2.    Non-Shared Expenses ("Held Costs")

Interim Co-Lead Counsel and participating counsel may incur "Held Costs," which are expenses that are not Shared Expenses as defined above. Held Costs include, but are not limited to:

- legal research (e.g., Lexis, Westlaw, or PACER charges);

- printing, copying, coding, and scanning;

- telephone, postage, and courier charges;

- necessary travel and meal expenses, including for depositions.

Participating counsel may submit Held Costs on a monthly basis to Interim Co-Lead Counsel for potential reimbursement at the end of the case. The inclusion of such expenses shall be at the discretion of Interim Co-Lead Counsel, subject to Court approval.

### 3.    Expense Guidelines

Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit cards statements are an appropriate form of verification. Hotel and restaurant costs must be supported by credit card statements, hotel invoices, or restaurant bills. The description of unclaimed expenses on the statement may be redacted. Receipts should also be submitted on a monthly basis, with original copies maintained by the attorneys seeking reimbursement. We understand certain expenses may not administratively be billed concurrent with a given month's time records submission, but should be submitted on the next billing cycle after they are incurred.

Except as approved by Co-Lead Counsel, attendance at seminars (e.g., American Association for Justice Section Meetings, Mass Torts Made Perfect, Harris Martin, and similar seminars and Continuing Legal Education programs) is not considered common benefit work, and fees and expenses related to those activities are not compensable.

Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved in advance by Interim Co-Lead Counsel, and pursuant to the Court's Order, all reimbursements are subject to the following limitations:

<u>Transportation</u>: Reasonable and appropriate airfare and ground transportation will be reimbursed and is subject to audit and review. Airfare or ground transportation deemed to be excessive or which is not related to an assigned task or judicial requirement will not be reimbursed. Air travel of less than six hours should be in coach or "economy" class. Travel exceeding six hours of flight time may be booked in business or first class. In all cases, flights should be booked at the lowest available refundable and convenient fare. To the extent that personal vehicles are used,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

mileage claims should be documented by stating origination point, destination, total actual miles, and the rate per mile paid by the IRS.

Hotel: Reasonable and appropriate hotel accommodations and charges will be reimbursed. Hotel accommodations deemed to be excessive or which are not related to an assigned task will not be reimbursed.

Meals: Meal expenses must be reasonable and appropriate. Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

Cash Expenses: Miscellaneous cash expenses for which receipts are generally not available (*e.g.*, tips, luggage handling, etc.) will be reimbursed, so long as the expenses are reasonable and properly itemized.

## II.    Protocols for Submission of Time and Expenses

### A.    Submitting Time and Expense Reports

All participating counsel shall submit time and expense reports in compliance with this protocol. The first submission will include all time entries from the inception of the case through the Court's Order appointing lead counsel and/or approving this timekeeping protocol, and will be due within 21 days of the Court's Order. Thereafter, such reports shall be due no later than the 20th day of the month following the end of the month being reported.

Within 30 days after each month's end, Interim Co-Lead Counsel will review the submissions from participating firms (and their own firms) to ensure that a total bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by Interim Co-Lead Counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. Interim Co-Lead Counsel will contact participating firms with any questions or requests for additional information on their billing submissions as needed to finalize the bill. These final bills for each month will be segregated and kept by lead counsel, and may later be used in connection with a motion for attorneys' fees and costs. However, Interim Co-Lead Counsel does

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

not waive any ability to write-down or write-off time or expenses later in the case, and not having the time or expenses written-down or written-off by the 30-day date does not guarantee the time will be accepted as-is or otherwise is recoverable. All exchanged reports shall be treated as attorney work product and shared only among the designated litigation leadership. However, the bills may also be made available to the Court for *in camera* review upon request. Interim Co-Lead Counsel may delegate administrative tasks associated with collecting and organizing time and expense reports from firms, but the ultimate review of the billing records and any write-downs and write-offs shall be made by Interim Co-Lead Counsel only.

Each participating firm shall submit a report on a monthly basis to:

- Clarkson Law Firm, P.C. at *teamyana@clarksonlawfirm.com*;
- Levin Law, P.A. at *brian@levinlawpa.com*; and,
- Werman Salas P.C. at *dwerman@flsalaw.com*.

**B.  Content of Time and Expense Reports**

Time and expense submissions should be transmitted in Microsoft Excel spreadsheet format using the prescribed form, attached as **Exhibit A**.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**,

Dated:_____        _____
                                                                        The Honorable Eumi K. Lee
                                                                        United States