CLARK HILL PLC
Kraig D. Jennett (CA Bar No. 261019)
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone: (202) 772-0913
Facsimile: (202) 772-0919
Email: kjennett@clarkhill.com

CLARK HILL PLC
Peter T. Berk (*Pro Hac Vice pending*)
IL ARDC No.: 6242515
130 E. Randolph, Suite 3900
Chicago, IL 60601
Telephone: (312) 701-6870
Facsimile: (312) 985-5999
pberk@clarkhill.com

*Attorneys for Defendant Otter.ai, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

|  |  |
|---|---|
| IN RE: OTTER.AI PRIVACY LITIGATION. | Case No. 5:25-cv-06911-EKL<br>Hearing Date: May 20, 2026<br>Time: 10:00 am<br>Judge: Honorable Eumi K. Lee<br><br>**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** |

CASE NO:5:25-CV-06911-EKL

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................8

ARGUMENT........................................................................................................................8

I.      Standing ....................................................................................................................8

II.     Plaintiffs' Reply Brief Fails to Save Their ECPA Claim .....................................11

        1.      No Interception in Transit.........................................................................11

        2.      Crime Tort Exception ...............................................................................11

III.    Plaintiffs' CFAA Claims Should Be Dismissed...................................................12

IV.     Plaintiffs' CIPA 631 and 632 Claims Should Be Dismissed................................13

        1.      Plaintiffs Fail to State a Claim Under CIPA § 631 ..................................14

                a.      Plaintiffs' Clause Two Claim Fails...............................................14

                b.      Plaintiffs' Clause Three Claim Fails.............................................15

        2.      Plaintiffs Fail to State a Claim Under CIPA § 632...................................15

V.      Plaintiffs' CDAFA Claims Should Be Dismissed ................................................16

VI.     Plaintiffs' UCL Claims Should Be Dismissed......................................................17

VII.    Plaintiffs' BIPA Claims Should Be Dismissed.....................................................18

        1.      Plaintiffs' Claims Constitute an Extraterritorial Application of BIPA.................18

        2.      Plaintiffs Have Not Alleged Collection of Biometric Identifiers or Information ..........................................................................................................19

VIII.   Plaintiff Dolan's Washington Wiretap Claim Fails..............................................20

IX.     Plaintiffs' Declaratory Judgment Claim Should Be Dismissed............................20

X.      Plaintiffs' Intrusion Upon Seclusion and Invasion of Privacy Claims Should Be Dismissed.................................................................................................................21

XI.     Plaintiffs' Unjust Enrichment Claims Should Be Dismissed ..............................21

NOTE ON DISMISSED CLAIMS......................................................................................22

CONCLUSION....................................................................................................................22

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Ahmed v. Twitter, Inc.*,
603 F. Supp. 3d 857 (N.D. Cal. 2022) ...........................................................................9

*Ambriz v. Google, LLC*,
2025 WL 830450 (N.D. Cal. Feb. 10, 2025) ...............................................................15

*Andrews v. Sirius XM Radio Inc.*,
932 F.3d 1253 (9th Cir. 2019) .....................................................................................13

*In re Apple & AT&TM Antitrust Litig.*,
596 F. Supp. 2d 1288 (N.D. Cal. 2008) .......................................................................13

*In re Bank of Am. Cal. Unemployment Benefits Litig.*,
674 F. Supp. 3d 884 (S.D. Cal. 2023).....................................................................17, 22

*Biden v. Ziegler*,
737 F. Supp. 3d 958 (C.D. Cal 2024) ..........................................................................16

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2025) .......................................................................11

*Byars v. Sterling Jewelers, Inc.*,
2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ...............................................................9

*In re Cal. Gasoline Spot Mkt. Antitrust Litig.*,
2021 WL 1176645 (N.D. Cal. Mar. 29, 2021).............................................................17

*Campana v. Nuance Comms, Inc.*,
2024 WL 2809838 (N.D. Ill. March 8, 2024)...............................................................18

*Campbell v. Facebook Inc.*,
951 F.3d 1106 (9th Cir. 2020) .....................................................................................9

*Castelaz v. Estee Lauder Cos.*,
2024 WL 136872 (N.D. Ill. Jan. 10, 2024)............................................................19, 20

*Coast Surgery Ctr. v. Cigna Health & Life Ins. Co.*,
2023 WL 10405133 (C.D. Cal. Aug. 1, 2023).............................................................17

*Colombo v. YouTube*,
LLC, 679 F. Supp. 3d 940 (N.D. Cal. 2023)................................................................19

*CommSolvers LLC v. Wieland N. Am., Inc.*,
2025 WL 786330, at *17 (S.D. Ill. Mar. 12, 2025) .....................................................12

CASE NO:5:25-CV-06911-EKL

*Costabile v. Natus Medical Inc.*,
   293 F. Supp. 3d 994 (N.D. Cal. 2018) ...................................................................................14

*Cottle v. Plaid Inc.*,
   536 F. Supp. 3d 461 (N.D. Cal. 2021) .....................................................................................8

*Daichnendt v. CVS Pharmacy, Inc.*,
   2022 WL 17404488 (N.D. Ill. Dec. 2, 2022) ..........................................................................20

*Davis v. Jumio*,
   2023 WL 2019048 (N.D. Ill. Feb 14, 2023) ...........................................................................19

*Doe I v. Google LLC*,
   741 F. Supp. 3d 828 (N.D. Cal. 2024) ...................................................................................17

*Eichenberger v. ESPN Inc.*,
   876 F.3d 979 (9th Cir. 2017) ......................................................................................8, 9, 10

*Esparza v. Gen Digital, Inc.*,
   2024 WL 655986 (C.D. Cal. Jan. 16, 2024) ...........................................................................15

*In re Facebook Privacy Litig.*,
   791 F. Supp. 2d 705 (N.D. Cal. 2011) ...................................................................................17

*In re Facebook, Inc. Internet Tracking Litig.*,
   956 F.3d 589 (9th Cir. 2020) ............................................................................................8, 9

*Faulkner v. ADT Sec. Servs.*,
   706 F.3d 1017 (9th Cir. 2013) ...............................................................................................16

*G.T. v. Samsung Elecs. Am., Inc.*,
   742 F. Supp. 3d 788 (N.D. Ill. 2024) ....................................................................................20

*Gabrielli v. Haleon US Inc.*,
   2025 WL 2494368 (N.D. Cal. Aug. 29, 2025) ..........................................................................8

*Garcia v. Blackhawk Network, Inc.*,
   2026 WL 925028 (C.D. Cal. April 1, 2026) .............................................................................9

*In re Google Referrer Header Priv. Litig.*,
   465 F. Supp. 3d 999 (N.D. Cal. 2020) .....................................................................................8

*Hart v. TWC Prod. & Tech. LLC*,
   526 F. Supp. 3d 592 (N.D. Cal. 2021) ...................................................................................17

*Hassid v. Alex & Ani, LLC*,
   2026 WL 160535 (C.D. Cal. Jan. 20, 2026) ...........................................................................10

*Heiting v. Taro Pharm. USA, Inc.*,
   709 F. Supp. 3d 1007 (C.D. Cal. 2023) ..................................................................................15

CASE NO:5:25-CV-06911-EKL

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

*Matter of Hopper*,
   4 Wash. App. 2d 838, 845, 424 P.3d 228 (2018)......................................................................20

*Huynh v. Quora, Inc.*,
   508 F. Supp. 3d 633 ................................................................................................................17

*In re iPhone Application Litig.*,
   2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ........................................................................18

*Jones v. Ford Motor Co.*,
   85 F.4th 570 (9th Cir. 2023) ....................................................................................................8

*Krzyzek v. OpenX Technologies, Inc.*,
   2026 WL 206855 (N.D. Cal. Jan. 27, 2026).....................................................................12, 15

*Licea v. Am. Eagle Outfitters, Inc.*,
   659 F. Supp. 3d 1072 (C.D. Cal. 2023) ..................................................................................15

*Lightoller v. JetBlue Airways, Corp.*,
   2023 WL 3963823 (S.D. Cal. Jun. 12, 2023) ...........................................................................9

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 ..............................................................................................................21

*In re MacBook Keyboard Litig.*,
   2020 WL 6047253 (N.D. Cal. Oct. 13, 2020)........................................................................17

*Mahmood v. Berbix, Inc.*,
   2022 WL 3684636 (N.D. Ill. Aug. 25, 2022) .........................................................................19

*McGovern v. Amazon Web Servs, Inc.*,
   2021 WL 4502089 (D. Del. Sept. 30, 2021)...........................................................................18

*Melchior v. New Line Productions, Inc.*,
   106 Cal. App. 4th 779 (2003) .................................................................................................21

*Monroy v. Shutterfly, Inc.*,
   2017 WL 4099846 (N.D. Ill. Sept. 15, 2017) ..................................................................18, 19

*Munoz v. MacMillan*,
   195 Cal. App. 4th 648 (2011) .................................................................................................21

*NovelPoster v. Javitch Canfield Group*,
   140 F. Supp. 3d 938 (N.D. Cal. 2014) ....................................................................................11

*Patel v. Facebook, Inc.*,
   932 F.3d 1264 (9th Cir. 2019) ................................................................................................10

*Popa v. Microsoft Corp.*,
   153 F.4th 784 (9th Cir. 2025) ......................................................................................8, 9, 10

5    CASE NO:5:25-CV-06911-EKL

*R.C. v. Walgreen Co.*,
    733 F. Supp. 3d 876 (C.D. Cal. 2024) ...............................................................................12

*Riganian v. LiveRamp Holdings, Inc.*,
    791 F. Supp. 3d 1075 (N.D. Cal. 2025) .............................................................................12

*Rubio v. Capital One Bank*,
    613 F.3d 1195 (9th Cir. 2010) ...........................................................................................17

*Semien v. PubMatic, Inc.*,
    2026 WL 216333 (N.D. Cal. Jan. 27, 2026) ......................................................................12

*Smith v. Yeti Coolers, LLC*,
    754 F. Supp. 3d 933 (N.D. Cal. 2024) ..........................................................................14, 15

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .............................................................................................17

*State v. Fields*,
    31 Wash. App.2d 687, 710 (Wash. App. 2024)..................................................................20

*State v. Modica*,
    164 Wash. 2d 83, 186 P.3d 1062 (2008)............................................................................20

*Swarts v. Home Depot, Inc.*,
    689 F. Supp. 3d 732 (N.D. Cal. 2023) ..........................................................................15, 16

*TransUnion v. Ramirez*,
    559 U.S. 413 (2021)..............................................................................................................9

*United States v. Nosal*,
    676 F.3d 854 (9th Cir. 2012) .............................................................................................13

*Valenzuela v. Keurig Green Mountain, Inc.*,
    674 F. Supp. 3d 751 (N.D. Cal. 2023) ...............................................................................15

*Van Buren v. United States*,
    593 U.S. 374 (2021)............................................................................................................12

*Vance v. Google, LLC*,
    2024 WL 1141007 (N.D. Cal. March 15, 2024)..................................................................18

*Wilkins v. Nat'l Broadcasting Co., Inc.*,
    71 Cal. App. 4th 1066 (1999) ............................................................................................16

*Wynne v. Audi of Am.*,
    2022 WL 2916341 (N.D. Cal. July 25, 2022).....................................................................10

*Yockey v. Salesforce, Inc.*,
    745 F. Supp. 3d 945 (N.D. Cal. 2024) ...............................................................................15

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT
ClarkHill\103609\1010908\287356317.v1-4/10/26

*Yoon v. Lululemon USA, Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal. 2021) ...................................................................................15

*Zellmer v. Meta Platforms, Inc.*,
    104 F.4th 1117 (9th Cir. 2024) ...............................................................................................19

*Zocco v. Nelnet, Inc*,
    2026 WL 242037 (N.D. Cal. Jan. 29, 2026) ............................................................................11

**Statutes**

18 U.S.C. § 1030(a)(4)..................................................................................................................13

Cal. Penal Code § 631..............................................................................................................13, 14

Cal. Penal Code § 632........................................................................................................13, 15, 16

ECPA .........................................................................................................................................8, 11

 Wash. Rev. Code § 9.73.030 (2023)..............................................................................................20

Wiretap Act.....................................................................................................................................11

**Rules**

Rule 9(b) ........................................................................................................................................13

**Constitutions**

U. S. Const., article III ..............................................................................................................8, 9

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT
ClarkHill\103609\1010908\287356317.v1-4/10/26

**INTRODUCTION**

Plaintiffs' opposition underscores why their Complaint must be dismissed. Despite asserting numerous statutory and common-law claims, Plaintiffs fail to allege any concrete injury sufficient to establish Article III standing. As the Ninth Circuit recently clarified in *Popa v. Microsoft Corp.*, alleging a bare statutory violation—without facts showing a traditionally cognizable privacy harm—is not enough. Plaintiffs ignore that controlling authority and instead rely on conclusory allegations and outdated precedent.

Across all claims, Plaintiffs do not plausibly allege that they disclosed private or sensitive information (or any information whatsoever), that Otter intercepted communications in transit, or that Otter accessed their computers or data without authorization. Their factual allegations establish, at most, that Otter functioned as a disclosed meeting participant at another user's request. Plaintiffs' speculative theories cannot substitute for facts showing invasion of a protected privacy interest, economic loss, or compensable harm. Because Plaintiffs lack standing and have failed to plead the essential elements of any claim, the Complaint should be dismissed with prejudice.

**ARGUMENT**

**I.    Standing**

The Ninth Circuit in *Popa v. Microsoft Corp.*, 153 F.4th 784, 792-94 (9th Cir. 2025) rejected the argument that alleging a violation of a statute protecting a substantive privacy right is sufficient to establish Article III standing. Thus, Plaintiffs' argument that their pleading violations of ECPA, CFAA, CDAFA and BIPA is sufficient (Resp. at 7:4-18) is simply wrong. And their cases, all of which pre-date *Popa* and rely on pre-*Popa* authorities, are inapposite. *Gabrielli v. Haleon US Inc.*, 2025 WL 2494368, at *5 (N.D. Cal. Aug. 29, 2025) (does not address *Popa*, which was released only days before, and relies on *Eichenberger v. ESPN Inc.*, 876 F.3d 979 (9th Cir. 2017) and *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020), which *Popa* directly questioned (153 F.4th at 793-94)); *In re Google Referrer Header Priv. Litig.*, 465 F. Supp. 3d 999, 1007-1009 (N.D. Cal. 2020) (same, and before *Popa*); *Jones v. Ford Motor Co.*, 85 F.4th 570, 574 (9th Cir. 2023) (same); *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 480 (N.D. Cal. 2021) (same).

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

Rather, the *Popa* court stated that to perform the proper analysis under *TransUnion,* the Court is required to "look to the *specific* underlying harm experienced by the plaintiff and compare it, in detail, to a *specific* common-law tort. At base—and all we need to acknowledge to decide this case—is that *TransUnion* requires a court to assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system." 153 F.4th at 791 (emphasis original). In *Popa*, the plaintiff lacked standing because she failed to allege any invasion of her privacy that would be "highly offensive. *Id.* Rather, she only alleged that the defendant gathered her "pet-store preferences and her street name." *Id.* at 791, n.5.

Here Plaintiffs, like the plaintiff in *Popa*, do not allege any information that was allegedly gathered by Otter that would constitute something "highly offensive" as required by privacy torts at common law. Indeed, Plaintiffs do not allege that they provided *their* identifying information or made *any* statements at the meetings they attended. Absent that, as in *Popa*, Plaintiffs lack standing. *See also Garcia v. Blackhawk Network, Inc.*, 2026 WL 925028, *5-6 (C.D. Cal. April 1, 2026) (lack of standing because "Nowhere does the FAC allege what cookies were dropped on Plaintiff's computer . . . for what purpose . . . and how those cookies were ultimately used."); *Lightoller v. JetBlue Airways, Corp.*, 2023 WL 3963823, * 1 (S.D. Cal. Jun. 12, 2023) (no Article III standing where the plaintiff did "not allege that she disclosed any personal information when she visited the website."); *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) ("Plaintiff does not allege that she disclosed any sensitive information to Defendant, much less identify any specific personal information she disclosed that implicates a protectable privacy interest. She therefore has not identified any harm to her privacy."). Like before, Plaintiffs' cases are inapposite as they pre-date *Popa* and its clarification of the Article III requirements under *TransUnion v. Ramirez*, 559 U.S. 413 (2021). Moreover, those cases all relied on *Eichenberger v. ESPN Inc.*, 876 F.3d 979 (9th Cir. 2017) and/or *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020), which *Popa* directly questioned the validity of after *TransUnion*. 153 F. 4th at 793-94. Finally, Plaintiffs' cases are distinguishable as, unlike here, they included details about the information that was allegedly gathered by the defendant. *Campbell v. Facebook Inc.*, 951 F.3d 1106 (9th Cir. 2020) (search of plaintiffs' private messages to copy information); *Al-*

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

*Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 871 (N.D. Cal. 2022) (disclosure of personal phone number and email of foreign government critic that had never been made public); *Hassid v. Alex & Ani, LLC*, 2026 WL 160535, *1-2 (C.D. Cal. Jan. 20, 2026) (digital fingerprinting involving name, address, date of birth, geographic information, device, and URL tracking sent to China); *Wynne v. Audi of Am.*, 2022 WL 2916341, at *1 (N.D. Cal. July 25, 2022) (data breach case involving name, address, driver's license number, social security number, account and loan numbers, Tax ID numbers).

Contrary to Plaintiffs' argument (Resp. at 7:19-8:8, n.3), in addressing standing Otter does not argue that Plaintiffs' failure to adequately plead claims means they have no standing. Rather, Plaintiffs' failure to plead *any* details about the information they allegedly shared at the relevant meetings and that was allegedly gathered by Otter means that Plaintiffs have not established any concrete injury. Without such detail Plaintiffs cannot establish that they shared any sufficiently private or personal information that would be recognized as "highly offensive" such that it would constitute an invasion of privacy at common law. Plaintiffs' allegations about their meetings (Resp. at 6:20-21) are merely assertions that there was a meeting and (for some) a description of the people involved or overall topic. (Dkt. 35 at ¶¶ 135-137 (Plaintiff Brewer participated in a meeting but no discussion or reference to any information he shared),146-147 (same for Theus), 170-171 (same for Jasper Walker), 183-184 (same for Michael Walker), 196 and 205 (same for Winston), and 212-213 (same for Dolan).[1]

Plaintiff addresses BIPA separately (Resp. at 8:9-18) *citing Patel v. Facebook, Inc.*, 932 F.3d 1264, 1272-74 (9th Cir. 2019). Aside from the fact that Plaintiffs do not allege they said anything at any meeting (thus lacking allegations that any alleged voiceprint could be created), that case (a) pre-dates *Popa* and its rule regarding statutory violations, and (b) relies on *Eichenberger* (876 F.3d at 983), which *Popa* questioned (153 F.4th at 793-94).

---

[1] Plaintiffs include no citation to Plaintiff Ryan's allegations. Her allegations (Dkt. 35 at ¶¶ 158-159) lack similar details.

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

## II.    Plaintiffs' Reply Brief Fails to Save Their ECPA Claim

Defendant presented two independent bases for dismissal of Plaintiffs' ECPA claim: (1) insufficient allegations of interception in transit, and (2) the crime-tort exception to participant recording does not apply. Plaintiffs' arguments fail to overcome both.

### 1.    No Interception in Transit

In their response, Plaintiffs merely point to the same conclusory "real-time" allegations. (Resp. at 10:4-10 *citing* ¶¶ 41, 50.) Absent more facts, Plaintiffs have only pled conclusions. Indeed, Plaintiffs' other allegations show there was no interception. Plaintiffs allege that the Otter Notetaker appears in the meeting as a participant. (Dkt. 35, ¶¶ 4, 41, 44, 49, 50.) When a participant speaks in that meeting, the Otter Notetaker receives the communication at the same time as the other intended recipients. Interception in transit, however, requires that the interception occur *prior to* the communication's receipt by the intended recipients. *See NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 938, 951-52 (N.D. Cal. 2014) ("Courts have explained that, for a Wiretap Act violation to occur, the defendants' actions must halt the transmission of the messages to their intended recipients."). Plaintiffs' reliance on mere conclusions is insufficient.

### 2.    Crime Tort Exception

In an attempt to overcome Defendant's arguments that the crime-fraud exception does not apply, Plaintiffs misstate the requirements. The crime tort exception applies not simply if "the defendant's interception was made in furtherance of conduct that constitutes an *independent* tort or crime." Resp. at 10:26-11:1. Rather, "'the *primary motivation* or a *determining factor* in the interceptor's actions has been to injure plaintiffs tortiously.'" *Zocco v. Nelnet, Inc*, 2026 WL 242037, *5 (N.D. Cal. Jan. 29, 2026), *quoting Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2025) (emphasis added). Thus, more than mere furtherance of a separate tort is required – instead furthering the tort or crime must be the defendant's "primary motivation" or "determining factor" for the interception. As shown in Defendant's opening brief Plaintiffs allege Otter's primary motivations and determining factors for the alleged interception were commercial and other legitimate purposes. (Memo. at 8:20-26.) Plaintiffs do not allege that Otter's purpose was to separately tortiously harm Plaintiffs.

ClarkHill\103609\1010908\287356317.v1-4/10/26

Plaintiffs' cases that a commercial purpose does not insulate a defendant's tortious purposes are inapposite as those involved interceptions for further tortious purposes. *E.g., Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1091 (N.D. Cal. 2025) (associating data with preexisting profiles and selling it); *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 885-86 (C.D. Cal. 2024) (combining collected information with existing profile information to use for advertising). *Krzyzek v. OpenX Technologies, Inc.*, 2026 WL 206855, at *8 (N.D. Cal. Jan. 27, 2026) (adequately alleged separate invasion of privacy tort); *Semien v. PubMatic, Inc.*, 2026 WL 216333, at *10 (N.D. Cal. Jan. 27, 2026) (same). Moreover, as explained herein and in Otter's opening memorandum, Plaintiffs failed to allege the other torts they rely on and do not allege that they shared any information in any meeting.

## III.    Plaintiffs' CFAA Claims Should Be Dismissed

Plaintiffs' opposition highlights the deficiency of their CFAA claim. First, Plaintiffs' argument that the Otter Notetaker accesses nonsubscribers' computers within the meaning of CFAA is not supported by the authority they cite or their allegations. In *Van Buren v. United States*, 593 U.S. 374 (2021), on which Plaintiffs primarily rely, the Supreme Court noted that the term "access" under CFAA refers to "the act of entering a computer 'system itself' or a particular 'part of a computer system,' such as files, folders, or databases." *Id*. at 388; s*ee also CommSolvers LLC v. Wieland N. Am., Inc.*, 2025 WL 786330, at *17 (S.D. Ill. Mar. 12, 2025). "[O]ne who "accesses" a protected computer under the CFAA gains access to its electronically stored contents by way of an affirmative act. Or stated more plainly, the defendant has to do something with the computer before CFAA liability attaches." *CommSolvers*, 2025 WL 786330, at *17.

There are no allegations in the Complaint that Notetaker enters Plaintiffs' computers or gains access to any files, folders or databases on them. To the contrary, Plaintiffs allege that Otter Notetaker is deployed *in virtual meeting platforms* and "engages in real-time transcription of Google Meet, Zoom, and Microsoft Teams meetings for Otter Accountholders and other users." Dkt. 35, ¶ 2. Plaintiffs allege that Otter collects names, emails and contact details "from platforms like Zoom, Microsoft Teams, Google calendar, and Outlook calendar . . ." *Id*. ¶ 10. Plaintiffs do not even allege access to their own computers when describing their individual experiences with

CASE NO:5:25-CV-06911-EKL

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

Otter. *Id.* at ¶¶ 135-223. This is no accident. Otter does not access Plaintiffs' computers. Rather, Otter interacts with servers external to Plaintiffs' computers and transcribes communications provided to Otter via virtual meeting platforms.

This Court should not allow Plaintiffs to expand the scope of CFAA beyond its intended purpose. The CFAA is "an anti-hacking statute." *United States v. Nosal*, 676 F.3d 854, 858 (9th Cir. 2012). Otter's Notetaker does not hack Plaintiffs' computers and does not access any files, folders or databases on them and Plaintiffs have not alleged otherwise.

Second, Plaintiffs' argument that they adequately alleged fraudulent intent under CFAA is unavailing. Otter is not attempting to impose a heightened pleading standard under Rule 9(b), rather it is simply arguing that there are no allegations in the Complaint that Otter intended to deprive Plaintiff' use of any information allegedly disclosed during virtual meetings. Indeed, Plaintiffs' allegations show the opposite – that Notetaker's intent is to make users' lives easier by transcribing virtual meetings so users do not have to do it themselves. Plaintiffs' reliance on *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288 (N.D. Cal. 2008), to argue they satisfied the intent element is entirely misplaced. *In re Apple & AT&TM Antitrust Litig.* involved software code pushed to iPhones to deprive use of certain applications. The Court analyzed the "knowingly" intent element under a different subsection of CFAA than is at issue here. Here, there are no allegations in the Complaint that Otter "knowingly *and with intent to defraud*," accessed Plaintiffs' computers. 18 U.S.C. § 1030(a)(4).

Finally, Plaintiffs' opposition does not change the fact that their Complaint lacks any factual allegations regarding their alleged losses. Plaintiffs nowhere allege that they incurred any costs in allegedly "analyzing" or "investigating" Otter's activity. *See* Dkt. 35, ¶¶ 144, 156, 168, 210, 222. Plaintiffs allege only a loss of value of personal information, which is not recoverable under CFAA. *See Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019).

## IV.    Plaintiffs' CIPA 631 and 632 Claims Should Be Dismissed

Plaintiff's cited authorities do not support their theory that Otter's Notetaker is an unlawful third-party interceptor, nor do they excuse Plaintiffs' failure to plead essential elements of Sections 631 and 632.

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT
ClarkHill\103609\1010908\287356317.v1-4/10/26

### 1.    Plaintiffs Fail to State a Claim Under CIPA § 631

In their opposition, Plaintiffs argue that Otter's conduct falls within the second and third clauses of Section 631. Thus, Plaintiffs have conceded that they have no basis for asserting claims under clauses one and four of Section 631, and the Court should dismiss these claims with prejudice. *See Costabile v. Natus Medical Inc.*, 293 F. Supp. 3d 994, 1014 (N.D. Cal. 2018) ("[W]here a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.").

### a.    Plaintiffs' Clause Two Claim Fails

Plaintiffs' arguments as to the second clause of Section 631 also fail. As Plaintiffs point out, to assert a CIPA claim under the second clause of Section 631, Plaintiffs must plead: "(1) the 'absence of consent' of all parties to the communication; (2) eavesdropping by a third-party nonparticipant to the communication; and (3) an interception of the communication 'while in transit.'" *Smith v. Yeti Coolers, LLC*, 754 F. Supp. 3d 933, 940 (N.D. Cal. 2024). Plaintiff fails to plausibly allege the second and third elements.

Although Plaintiffs assert that Otter is a "separate third-party entity," their own pleadings foreclose that characterization. The Complaint repeatedly refers to Otter as a meeting "participant" and describes in detail how the Notetaker "joins" meetings alongside other attendees. Dkt. 35, ¶¶ 4, 6, 41 (Image 1), 44, 50, 55. Plaintiffs further describe Otter as a visually present party "indistinguishable from a real person in the room… appearing as the user's notetaker." *Id.* ¶ 8. Plaintiffs' contention that the Otter Notetaker is not a participant because it "doesn't engage as a communicant" is squarely contradicted by their allegation that Otter responds to inquiries from other attendees by introducing itself as an "AI assistant" helping the accountholder take notes. *Id.* ¶ 52.

Plaintiffs' reliance on cases involving true third-party interceptors is misplaced. Those cases address hidden tracking technologies or surreptitious monitoring—situations in which undisclosed third-party systems secretly intercepted communications between two parties—not a disclosed meeting participant generating transcripts at a user's request. *See Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933 (N.D. Cal. 2024) (third-party payment processor collecting and

marketing consumer financial information communicated to merchants); *Yockey v. Salesforce, Inc.*, 745 F. Supp. 3d 945 (N.D. Cal. 2024) (hidden service routing customer service chat messages to contracting companies through third-party server for transcription and collection); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073 (C.D. Cal. 2021) (undisclosed third-party software capturing customer interactions on webpage). Plaintiffs' reliance on Ambriz fares no better. There, the defendant argued "that it was not a participant in the calls at all." *Ambriz v. Google, LLC*, 2025 WL 830450, \*2 (N.D. Cal. Feb. 10, 2025). These cases are inapposite. On the facts alleged, Otter Notetaker is "more akin to a tape recorder utilized by the party to the conversation" rather than "an eavesdropper pressing up against the door." *Smith*, 754 F. Supp. 3d at 940.

Finally, Plaintiffs fail to adequately allege that Otter acquired the contents of communications contemporaneously with transmission, as clause two requires. Courts consistently distinguish between acquisition during transmission and access after receipt. *E.g., Krzyzek v. OpenX Techs., Inc.*, 2026 WL 206855, at \*7 (N.D. Cal. Jan. 27, 2026) (interception requires "acquisition contemporaneous with transmission"). Plaintiffs argue that allegations of "real-time" transcription suffices. But such a general allegation of interception is not enough to sustain a claim under clause two. *See Heiting v. Taro Pharm. USA, Inc.*, 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023); *Esparza v. Gen Digital, Inc.*, 2024 WL 655986, \*4 (C.D. Cal. Jan. 16, 2024); *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023); *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1085 (C.D. Cal. 2023); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 746 (N.D. Cal. 2023).

### b.    Plaintiffs' Clause Three Claim Fails

As noted in the Motion, clause three liability cannot be imposed absent a violation of clause one or two. Because Plaintiffs fail to state a viable claim under either clause, their clause three claim necessarily fails as well.

### 2.    Plaintiffs Fail to State a Claim Under CIPA § 632

Section 632 applies only to "confidential communications." Plaintiffs' conclusory assertions of confidentiality are insufficient, particularly where the alleged communications occurred in generic multi-party virtual meetings. Courts routinely hold that communications made

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

under an assumption or expectation of confidentiality are not confidential under Section 632, absent specific allegations supporting a reasonable expectation of privacy. *See Wilkins v. Nat'l Broadcasting Co., Inc.*, 71 Cal. App. 4th 1066, 1079 (1999) (business meeting was not confidential communication regardless of the fact that parties assumed communications would not be recorded or discussed with other parties); *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1020-21 (9th Cir. 2013) (dismissing Section 632 claim related to call with company representative were plaintiff alleged only that he called to dispute a charge and the circumstances indicated a desire for confidentiality); *Swarts*, 689 F. Supp. 3d at 746-47 (chat with customer service representative on retailer's website were not confidential communications regardless of the fact that customer did not expect to be recorded).

Plaintiffs' reliance on generalized privacy expectations and principles does not satisfy this requirement. Nor do Plaintiffs plausibly allege that Otter was a non-party for purposes of Section 632, for the reasons discussed above.

## V.    Plaintiffs' CDAFA Claims Should Be Dismissed

Plaintiffs' Opposition does not cure the factual deficiencies in the California Plaintiffs' CDAFA claim. Otter acknowledges that the Central District of California's opinion in *Biden v. Ziegler*, 737 F. Supp. 3d 958 (C.D. Cal 2024) notes that the CDAFA is broader than CFAA and does not require unauthorized access to a *computer*, but *Biden* is not, as Plaintiffs contend, directly on point. There, the Defendants "used [Plaintiff's] passwords to access password-protected files and ignored prelitigation demands to cease and desist." *Id*. at 976. Here, there are no allegations showing how or to what extent the Otter Notetaker program accessed Plaintiffs' "conversational data" or even what constitutes "conversational data." There are no allegations that Plaintiffs spoke in any of the alleged virtual meetings at issue, what they said, and what alleged "conversational data" they shared in the meetings. *See* Dkt. 35, ¶¶ 137-143 (Brewer); 147-153 (Theus); 159-165 Ryan). Plaintiffs have not alleged sufficient facts showing access to their alleged "conversational data."

The Complaint also lacks sufficient factual allegations showing how Otter was unjustly enriched by its alleged recording of meetings in which Plaintiffs may or may not have spoken.

CASE NO:5:25-CV-06911-EKL

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

The Complaint contains only conclusory allegations that Otter was "unjustly enriched" and "earned profits" from use of Plaintiffs' unspecified conversational data. Plaintiffs are, and should be, required to plead facts supporting these bald conclusions.

## VI.    Plaintiffs' UCL Claims Should Be Dismissed

As emphasized in *Sonner v. Premier Nutrition Corp.*, a plaintiff seeking equity under the UCL in federal court must establish the absence of an adequate remedy at law. 971 F.3d 834, 844 (9th Cir. 2020). Plaintiffs argue that they may plead equitable relief "in the alternative." But courts have repeatedly rejected that argument post-*Sonner*. *See, e.g.*, *In re Bank of Am. Cal. Unemployment Benefits Litig.*, 674 F. Supp. 3d 884, 919 (S.D. Cal. 2023) (dismissing UCL claim and rejecting argument that UCL claim could be pled in alternative); *Coast Surgery Ctr. v. Cigna Health & Life Ins. Co.*, 2023 WL 10405133, at *2-3 (C.D. Cal. Aug. 1, 2023) ("[N]umerous courts post-Sonner have rejected that pleading in the alternative is sufficient to skirt the import of *Sonner*."); *In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, 2021 WL 1176645, at *7-8 (N.D. Cal. Mar. 29, 2021); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020). Here, Plaintiffs seek statutory damages and other legal remedies under multiple claims. Their conclusory assertion that damages cannot "return" or protect the "safety" of their data "going forward" does not render those remedies inadequate. *See Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 662 (injunctive relief sought to protect users' data in future could be remedied by damages).

To establish standing under the UCL, Plaintiffs must allege lost money or property as a result of unfair competition. *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010). Plaintiffs do not allege that they paid money to Otter, lost money, or were deprived of a cognizable property interest. Instead, they rely on abstract allegations regarding the "value" of their data. Courts have repeatedly held that such allegations are insufficient absent a transaction or measurable economic loss. *See In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714-15 (N.D. Cal. 2011) ("[P]ersonal information does not constitute property for purposes of a UCL claim."); *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 845 (N.D. Cal. 2024) (allegation of loss of personal data "valuable in the abstract" did not confer statutory standing); *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 603 (N.D. Cal. 2021) (fact that information has "external value" cannot serve

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT
ClarkHill\103609\1010908\287356317.v1-4/10/26

as basis for loss of money or property); *In re iPhone Application Litig.*, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011) ("personal information" does not constitute money or property under the UCL).

**VII.    Plaintiffs' BIPA Claims Should Be Dismissed**

As shown in Otter's opening brief, Plaintiffs' BIPA claims fail because (a) they seek to apply BIPA extraterritorially, and (b) Plaintiffs failed to plead that Otter collected their biometric identifiers. Nothing in the reply changes that.

**1.    Plaintiffs' Claims Constitute an Extraterritorial Application of BIPA**

Plaintiffs' allegations purporting to connect their claims to Illinois are minimal: The Walkers and Plaintiff Winston allege they are Illinois residents and therefore attended Zoom meetings while located in Illinois. Dkt. 35, ¶¶ 23-26, 170, 183, 196. Meanwhile, Plaintiffs allege that Otter is located in California, the decisions to allegedly engage in the violative acts occurred in California, and the allegedly violative recordings and data are sent to Otter's servers (presumably in California). (*Id.* at ¶¶ 28-29, 50). Indeed, Plaintiffs admit that "All Class members' claims arise from . . . Otter's contacts with California." *Id.* at ¶ 30. The overwhelming contacts with California make the present case similar to those cited in Defendant's opening brief. *Vance v. Google, LLC*, 2024 WL 1141007 (N.D. Cal. March 15, 2024); *Campana v. Nuance Comms, Inc.*, 2024 WL 2809838 (N.D. Ill. March 8, 2024); *McGovern v. Amazon Web Servs, Inc.*, 2021 WL 4502089, *3 (D. Del. Sept. 30, 2021).

The cases cited by Plaintiffs are inapposite. For example, in *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846 (N.D. Ill. Sept. 15, 2017) the photo of the plaintiff was alleged to be uploaded to Shutterfly from a device in Illinois with an Illinois IP address and was uploaded by an Illinois resident and Shutterfly failed to obtain the plaintiff's consent for collection in Illinois (despite the plaintiff being a Florida citizen and resident). *Id.* at *6. Contrarily, here, Plaintiffs have not alleged where the device that allegedly provided their biometric identifiers to Otter was located. While Plaintiffs allegedly attended a meeting while in Illinois, they allege they were not Otter users and did not deploy the notetaker (rather someone else did). (Dkt. 35, ¶¶ 136, 148, 160, 172, 199, 214). According to Plaintiffs' allegations, the Otter Notetaker (deployed by another user) is what creates

18

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

the voiceprint. (*Id.* at ¶11.) Thus, unlike *Monroy*, there are no allegations about where the allegedly violative "voiceprints" were created, collected or sent to Otter. *See also Davis v. Jumio*, 2023 WL 2019048 (N.D. Ill. Feb 14, 2023) (Illinois resident, picture uploaded to website in Illinois, defendant conducts business transactions in Illinois); *Mahmood v. Berbix, Inc.*, 2022 WL 3684636 (N.D. Ill. Aug. 25, 2022) (plaintiff was an Illinois resident, picture uploaded in Illinois to website of company with significant operations in Illinois).

Even if Plaintiffs could establish that where they engaged in the meeting was where any upload occurred, Plaintiffs have not alleged that their voiceprint could have plausibly been collected – as pointed out in Defendant's opening brief Plaintiffs fail to allege that they said anything during the meeting. If Plaintiffs did not speak, no voiceprint could have been collected.

Where the allegations are completely lacking, as here, the issue is not one of fact and dismissal should be granted.

### 2. Plaintiffs Have Not Alleged Collection of Biometric Identifiers or Information

In *Zellmer v. Meta Platforms, Inc.,* 104 F.4th 1117, 1124-25 (9th Cir. 2024), the Ninth Circuit granted summary judgment in favor of Meta on the plaintiff's BIPA claims. The *Zellmer* court pointed out that both "biometric information" (based on the definition in the statute) and "biometric identifiers" (based on the user of the word "identifier") required that the alleged "information" or "identifier" must identify a person. Because the "face signatures" that were collected in *Zellmer* did not (in fact could not) identify the non-users, they were not "biometric information" or biometric identifiers." *Id.* at 1125.[2] Thus, in light of this controlling authority, Plaintiffs' argument that a BIPA violation can occur even if the voiceprint cannot identify them (Resp. at 27-28) is simply wrong. Indeed, Plaintiffs incorrectly cite *Castelaz v. Estee Lauder Cos.*, 2024 WL 136872 (N.D. Ill. Jan. 10, 2024) claiming it refused to dismiss a BIPA claim based on this argument. In actuality, the *Castelaz* court stated that "Plaintiffs fall short of providing any specific allegations that [defendant] is capable of determining Plaintiffs . . . identities by using the

---

[2] Plaintiffs' reliance on a District Court ruling (*Colombo v. YouTube,* LLC, 679 F. Supp. 3d 940 (N.D. Cal. 2023) issued prior to *Zellmer* is therefore insufficient.

ClarkHill\103609\1010908\287356317.v1-4/10/26

collected facial scans . . . [Thus] [p]laintiffs have failed to plead the most foundational aspect of a BIPA claim." *Id.* at *7 (internal quotation and citation omitted). *See also G.T. v. Samsung Elecs. Am., Inc.*, 742 F. Supp. 3d 788, 800 (N.D. Ill. 2024); *Daichnendt v. CVS Pharmacy, Inc.*, 2022 WL 17404488, *5 (N.D. Ill. Dec. 2, 2022).

And Plaintiffs did not allege that they – as non-users – provided their name, email or any other information that could be used to identify them to Otter. (Memo. at 40-41.)

**VIII.    Plaintiff Dolan's Washington Wiretap Claim Fails**

Plaintiff recognizes that in order to come within the purview of the Washington Wiretap Act he must establish that the conversation is private by alleging (1) a manifested subjective intention that the conversation be private and (2) that expectation is reasonable." *State v. Modica*, 164 Wash. 2d 83, 88, 186 P.3d 1062, 1064 (2008). While Plaintiff points to facts that suggest he subjectively intended the alleged conversation to be private, he points to nothing showing that expectation was reasonable.

In order to determine reasonableness, Washington courts consider "the duration and subject matter of the communication, the location of the communication, and the presence of potential third parties." *Matter of Hopper*, 4 Wash. App. 2d 838, 845, 424 P.3d 228, 232 (2018); *see State v. Fields*, 31 Wash. App.2d 687, 710 (Wash. App. 2024) (reciting factors and including roles of parties and relationship). Dolan alleges no facts about *any* of these factors. Indeed, as pointed out in Defendant's opening brief, Dolan knew there was a third-party (one that he presumably did not expect) on the call – the Otter Notetaker. (Memo. at 32:10-16, citing Dkt. 35, ¶ 41 (Image 1).) Absent these allegations Dolan has not established his expectation was reasonable under the statute and his claim should be dismissed.

**IX.    Plaintiffs' Declaratory Judgment Claim Should Be Dismissed**

Plaintiffs' declaratory relief claim fails for the reasons discussed throughout Otter's Motion and this Reply. Plaintiffs lack standing to assert their claims and have not alleged sufficient facts showing how they suffered harm as a result of any conduct by Defendant Otter. Accordingly, Plaintiffs are not entitled to "a declaration that Otter violated their personal and privacy rights" or that Otter must make certain remedial measures. *See* Dkt. 35, ¶ 286.

CASE NO:5:25-CV-06911-EKL

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

## X.    Plaintiffs' Intrusion Upon Seclusion and Invasion of Privacy Claims Should Be Dismissed

Plaintiffs' Opposition does not cure the Complaint's lack of factual allegations necessary to state a claim. The elements for intrusion and invasion of privacy claims are similar in California, Illinois and Washington.  Plaintiffs' claims fail under their respective State's laws because Plaintiffs do not allege that they had a reasonable expectation of privacy in meetings where another attendee consented to the meeting's recording and transcription. Additionally, none of the Plaintiffs allege any facts showing: (1) that they shared any confidential personal information on the virtual meetings they attended; (2) they actually spoke on the calls and were more than passive attendees; (3) that they had any expectation of privacy in their work meetings that were presumably attended by multiple colleagues and intentionally recorded by a colleague; and (4) they suffered any harm as a result of the transcriptions.

This Court's opinion in *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, is on point. In dismissing Plaintiffs' claim, this Court held that "Plaintiffs have failed to allege sufficient facts to establish a highly offensive disclosure of information or a 'serious invasion' of a privacy interest" where it was not clear "what information, precisely, these third parties have obtained." *Low*, 900 F. Supp. 2d at 1025. As in *Low*, here there are no factual allegations describing what personal or private information Otter allegedly obtained from Plaintiffs and how Plaintiffs suffered harm as a result.

## XI.    Plaintiffs' Unjust Enrichment Claims Should Be Dismissed

Plaintiffs' unjust enrichment claim fails for multiple independent reasons, none of which the Opposition meaningfully addresses.

First, California courts have consistently held that "there is no cause of action in California for unjust enrichment." *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003). "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself." *Id.* Moreover, "[t]here is no freestanding cause of action for 'restitution' in California." *Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (2011).

CASE NO:5:25-CV-06911-EKL

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26

Second, as with the UCL claim, Plaintiffs' unjust enrichment claim is foreclosed because it seeks equitable relief for the same alleged conduct while failing to sufficiently allege the absence of an adequate remedy at law. As discussed *supra* Section VI, courts in this District and throughout the Ninth Circuit have not permitted equitable relief to be pled in the alternative post-*Sonner*. *See, e.g.*, *In re Bank of Am.*, 674 F. Supp. 3d at 919 ("Sonner's holding applies regardless of a case's procedural posture.").

Finally, an unjust enrichment claim requires a specific and measurable benefit conferred from Plaintiffs on the Defendant. Plaintiffs' generalized allegations that Otter was "enriched" by using Notetaker data to improve its software and systems, conduct "marketing," or for unspecified "other purposes" are insufficient because Plaintiffs fail to identify any concrete benefit Otter derived from *their own* data. *See* Dkt 35, ¶¶ 8, 76, 98, 275.

## **NOTE ON DISMISSED CLAIMS**

In footnote 1 of the Opposition, Plaintiffs voluntarily withdrew various Counts of their Complaint (IV, VI, IX, X, and XII). Plaintiffs purport to reserve the right to seek leave to amend these claims later. Defendant objects to this open-ended reservation of rights and intends to oppose any request to reinstate these claims.

## **CONCLUSION**

Plaintiffs have failed to allege any concrete injury, thus depriving them of standing to sue. Moreover, Plaintiffs have simply failed to plead any *facts* to support the elements of their claims. Therefore, for all of the foregoing reasons, and those in Otter's initial moving papers, Plaintiffs' Complaint should be dismissed.

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT
ClarkHill\103609\1010908\287356317.v1-4/10/26

Dated:    April 10, 2026                    CLARK HILL PLC

                                           By: */s/ Kraig Jennett*
                                                 Kraig Jennett (CA Bar No. 261019)

                                           CLARK HILL PLC
                                           Kraig D. Jennett (CA Bar No. 261019)
                                           1001 Pennsylvania Avenue, N.W.
                                           Suite 1300 South
                                           Washington, DC 20004
                                           Telephone: (202) 772-0913
                                           Facsimile: (202) 772-0919
                                           Email: kjennett@clarkhill.com

                                           CLARK HILL PLC
                                           Peter T. Berk (*Pro Hac Vice pending*)
                                           IL ARDC No.: 6242515
                                           130 E. Randolph, Suite 3900
                                           Chicago, IL 60601
                                           Telephone: (312) 701-6870
                                           Facsimile: (312) 985-5999
                                           pberk@clarkhill.com

                                           Attorneys for Defendant Otter.ai, Inc.

CASE NO:5:25-CV-06911-EKL
DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT
ClarkHill\103609\1010908\287356317.v1-4/10/26

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document(s) to be electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on April 10, 2026

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

/s/ Kraig Jennett

Kraig Jennett (Ca Bar No. 261019)

CASE NO:5:25-CV-06911-EKL

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

ClarkHill\103609\1010908\287356317.v1-4/10/26